SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
MELANIE L. PROCTOR, CSBN 228971
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOUYI WU, | No. C 07-3469 JF |
|         Plaintiff, | |
|     v. | |
| ALBERTO GONZALES, United States Attorney General, United States Department of Justice; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services; DAVID STILL, San Francisco District Director, United States Citizenship and Immigration Services; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigations, | **ANSWER** |
|         Defendants. | |

The Defendants hereby submit their answer to Plaintiff's Petition for Hearing on Naturalization Application Under 8 U.S.C. § 1447(b).

1. Paragraph One consists of Plaintiff's characterization of this action for which no answer is required; however, to the extent that such allegations are deemed to require an answer, Defendants admit that the application is pending with the USCIS.

**PARTIES**

2. Defendants admit the allegations in Paragraph Two.

ANSWER
No. C 07-3469 JF

3. Defendants deny the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants admit the allegations in Paragraph Six with the exception that Defendants aver that Rosemary Melville is the District Director for District 21.

7. Defendants admit the allegations in Paragraph Seven.

## JURISDICTION

8. Paragraph Eight consists of Plaintiff's allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendant denies that this Court has jurisdiction under any of the provisions cited in Paragraph Eight.

## VENUE

9. Paragraph Nine consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required.

## INTRADISTRICT ASSIGNMENT

10. Paragraph Ten consists of Plaintiff's allegations regarding intradistrict assignment, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants are without sufficient information or knowledge to either admit or deny that Plaintiff's allegations regarding intradistrict assignment.

## CAUSE OF ACTION

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve with the exception that Defendants aver that Plaintiff was interviewed on the application, and the examination process is still ongoing.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph Thirteen.

14. Paragraph Fourteen consists of Plaintiff's conclusions of law for which no answer is required; however, to the extent that such allegations are deemed to require an answer, Defendants

deny the allegations contained in this paragraph.

**PRAYER**

15. Paragraphs Fifteen consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

At all times alleged in the complaint, Defendant was acting with good faith, with justification, and pursuant to authority.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant is processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants prays for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Petition with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Date: September 7, 2007                              Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

  /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants